IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FRANK BRETT | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| JUDGE MRS. GOLDBERG, et al. | : | NO. 15-5795 |

## MEMORANDUM

TUCKER, Ch. J.                                                                                         OCTOBER 30, 2015

    Plaintiff Frank Brett filed this civil action against "Judge Mrs. Goldberg" and other defendants. He also filed a motion to proceed *in forma pauperis* and a motion to file the case under seal. The Court will grant plaintiff leave to proceed *in forma pauperis*, pursuant to 28 U.S.C. § 1915, because it appears he is incapable of paying the fees necessary to commence this action. However, the Court will dismiss plaintiff's complaint and deny his motion to seal.

    Federal Rule of Civil Procedure 8(a) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." A district court may *sua sponte* dismiss a complaint that does not comply with Rule 8 if "the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995) (quotations omitted). Furthermore, as plaintiff is proceeding *in forma pauperis*, the Court must dismiss his complaint if it is frivolous or fails to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(ii). A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). It is legally baseless if "based on an indisputably meritless legal theory," *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995), and factually baseless "when the facts alleged rise to the level of the irrational or the wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 33

1

(1992). To survive dismissal for failure to state a claim, the complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory statements and naked assertions will not suffice. *Id.*

As is typical of plaintiff's numerous filings in federal court, his complaint is rambling, unclear, and nonsensical. It consists of a stream of consciousness narrative of events dating back several years, many of which do not concern the named defendants and several of which involve his relationships with strippers. Several of plaintiff's allegations appear to rise to the level of delusional or incredible. As with other lawsuits he has filed, plaintiff has attached to his complaint several pages of license plate numbers.

Having reviewed the complaint, the Court cannot ascertain a clear factual basis for a timely, non-frivolous claim within this Court's jurisdiction. Accordingly, the Court will dismiss the complaint pursuant to Rule 8 and 28 U.S.C. § 1915(e)(2)(B)(i)-(ii). Having reviewed plaintiff's complaint in this action and his filings in other actions, the Court concludes that amendment would be futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 112-13 (3d Cir. 2002). The Court will also deny plaintiff's motion to seal. *See Miller v. Indiana Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994). An appropriate order follows, which shall be docketed separately.